IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADONNA JOY JENKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner, Social Security Administration,<br><br>    Defendant. | Case No. 17-CV-254-CVE-FHM |

## REPORT AND RECOMMENDATION

Plaintiff, LaDonna Joy Jenkins, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's March 6, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Edmund C. Werre was held December 1, 2015. By decision dated December 15, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 7, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 52 years old on the amended alleged onset date and 54 on the date of the ALJ's denial decision. She has a degree in nursing and formerly worked as a registered nurse and registered nurse supervisor. She claims to have been unable to work since October 8, 2013 as a result of degenerative disc disease, coronary artery disease, shortness of breath, difficulty walking, fatigue, dizziness, nausea, diabetes mellitus, hypertension, gastroesophageal reflux disease, attention deficit disorder, depression, post traumatic stress disorder, and borderline personality disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform a wide range of light work with lifting no more than 20 pounds at a time, frequent lifting or carrying up to 10 pounds, standing/walking 6 hours of an 8-hour workday, sitting 6 hours of an 8-hour workday, and no climbing of ladders, ropes, or scaffolds. Plaintiff is able to understand, remember, and carry out some simple and some detailed instructions consistent with semi-skilled work. She is able to relate and interact with co-workers and

supervisors on a work-related basis only with no to minimal interaction with the general public.

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ committed reversible legal error by failing to properly evaluate the medical opinions of her treating physicians.

## Analysis

Plaintiff raises a single point of error in this appeal. Plaintiff asserts that the case must be reversed because the ALJ failed to evaluate the opinions of her treating physicians in the manner required by the Commissioner's regulations, 20 C.F.R. § 404.1527(c)(2),[2] and case law, *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins v.* Barnhart, 350 F.3d 1297, 1300 (10th

---

[2] The cited regulation, 20 C.F.R. § 404.1527 applies to the evaluation of opinion evidence for claims filed before March 27, 2017, and therefore applies to this case.

Cir. 2003). However, even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted). If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The record contains a Medical Source Statement of Ability to do Work-Related Activities (Physical) form completed on October 27, 2015 by Plaintiff's treating physician, Donald M. Elgin, M.D., [R. 986*988]. Dr. Elgin opined that Plaintiff was much more restricted in her ability to work than the ALJ's RFC findings, and that even with such restrictions she could not tolerate working on a sustained and consistent basis. [R. 986, 988]. In addition, Dr. Elgin opined that Plaintiff would be absent from work due to her conditions three or more times per month. [R. 988]. The ALJ noted that Dr. Elgin's Medical Source Statement indicated Plaintiff could perform work at less than the sedentary exertional level and could not perform work on a consistent and continuing basis. The ALJ stated: " It is noted that the claimant testified that Dr. Elgin asked her the questions on the medical source statement, and they are not the opinion of the physician." [R. 20].

The record also contains a mental RFC form completed on November 15, 2015 by Brad A. McClure, M.D. of Laureate Psychiatric Clinic. Dr. McClure opined that Plaintiff had marked limitations in the ability to perform activities within a schedule and maintain regular attendance and be punctual, in the ability to sustain an ordinary routine without special supervision, complete a normal work week, and adhere to socially appropriate behavior. [R. 990-991]. He found she had severe limitations in the ability to interact appropriately

with the public, accept criticism, and get along with others. [R. 991]. Dr. McClure stated the conclusions were related to Plaintiff suffering from a major depressive disorder, a panic disorder without agoraphobia, and borderline personality disorder. Dr. McClure stated Plaintiff has "likely attained maximum improvement from treatment." [R. 992]. The ALJ noted that Plaintiff testified Dr. McClure asked her the questions on the mental medical source statement and without any further analysis the ALJ concluded: "These are not the opinion of Dr. McClure." [R. 20].

The undersigned finds that this case should be reversed and remanded because the ALJ failed to consider the opinions of Plaintiff's treating physicians regarding Plaintiff's work-related limitations. The doctors expressed their opinions on the forms referenced above but the ALJ concluded that the opinions of the forms were not in fact the doctors' opinions. The ALJ based this factual determination on Plaintiff's testimony that the doctors asked Plaintiff the questions on the forms. The ALJ apparently assumed that the doctors simply recorded Plaintiff's answers without making any independent medical judgment . However, neither Plaintiff's testimony nor the content of the forms provides any support for the ALJ's assumption. The ALJ did not ask Plaintiff if the answers on the forms were the answers she provided. Moreover, the doctors signed the forms indicating that the answers represented the doctors' opinions. The form completed by Dr. McClure directs that the answers be based on the doctor's clinical findings and professional opinions and not on the subjective statements of the individual. Finally, the forms include handwritten statements made by the doctors which provide the basis for their opinions. The ALJ's conclusion that the doctors submitted forms that did not represent their independent medical opinions is

5

a serious accusation against the doctors and it concerns the court that the ALJ would make such an accusation without identifying substantial evidence to back up the accusation.

The undersigned rejects the Commissioner's position that the ALJ's decision should be affirmed because the denial was adequately supported by the record as a whole and therefore the error was harmless. The ALJ did not provide the explanations contained in the Commissioner's brief. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

### Conclusion

The undersigned United States Magistrate Judge RECOMMENDS that the ALJ's decision be REVERSED and the case REMANDED for an evaluation of the treating physicians' opinions accordance with the legal standards established by the Commissioner and the courts.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before July 24, 2018.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 10th of July, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE