UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LADONNA JOY JENKINS )
 )
         Plaintiff, )
 )
v. ) Case No. 17-CV-0254-CVE-FHM
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security )
Administration, )
 )
 )
         Defendant. )

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 20) of Magistrate Judge Frank H. McCarthy recommending that the Court reverse the decision of the administrative law judge (ALJ) to deny plaintiff LaDonna Joy Jenkins's claim for disability benefits, and remand the case for an evaluation of the treating sources' opinions in accordance with the legal standards established by the Commissioner and the courts. Defendant has filed an objection to the report and recommendation (Dkt. # 21), arguing that the ALJ reasonably considered evidence from the doctors at issue and cited medical evidence that supports his assessment of plaintiff's physical and mental residual functioning capacity (RFC).

**I.**

In March 2014, plaintiff applied for Social Security disability benefits pursuant to Title II of the Social Security Act. Dkt. # 9-5, at 2-4. Plaintiff has a degree in nursing and formerly worked as a registered nurse and registered nurse supervisor. Dkt. # 9-2, at 38, 53-54. Plaintiff claims that she has been unable to work since October 8, 2013 because she suffers from degenerative disc

disease, coronary artery disease, shortness of breath, difficulty walking, fatigue, dizziness, nausea, diabetes mellitus, hypertension, gastroesophageal reflux disease, attention deficit disorder (ADD), depression, post traumatic stress disorder, and borderline personality disorder. Id. at 15, 18, 19, 34, 39, 41. Plaintiff's application for disability benefits was denied initially and on reconsideration. Dkt. # 9-4, at 3-5, 9-11.

Plaintiff requested a hearing by an ALJ. Id. at 10. Prior to the hearing, plaintiff provided the ALJ with the medical opinions of her treating doctors, Donald M. Elgin, M.D., and Bradley A. McClure, M.D. Dkt. # 9-9, at 36-38, 40-42. Specifically, Dr. Elgin, plaintiff's treating physician, completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) on October 27, 2015, in which he opined that plaintiff can stand and/or walk less than 4 hours in an 8-hour workday, sit less than 6 hours in an 8-hour workday, and requires a positional change every 30 minutes in an 8-hour workday to relieve symptoms. Id. at 36-38. Further, Dr. Elgin opined that, even if plaintiff were allowed to perform a job within those parameters, she would not be able to perform such work on a sustained and continuing basis, and her diabetes, hypertension, coronary artery disease, and renal dysfunction would cause her to be absent from work three times or more per month. Id. at 38. In addition, Dr. McClure, plaintiff's treating psychiatrist, completed a Mental Residual Functional Capacity Assessment on November 15, 2015, in which he opined that plaintiff has marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to sustain an ordinary routine without special supervision; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and to maintain socially appropriate behavior and to adhere to

basic standards of neatness and cleanliness. Id. at 40-42. Dr. McClure further opined that plaintiff has severe limitations in her ability to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Id.

A hearing before ALJ Edmund C. Werre was held on December 1, 2015. Dkt. # 9-2, at 30. At the hearing, plaintiff testified that she had been seeing Dr. Elgin for around 30 years and Dr. McClure for about 2 years. Id. at 46-47. The ALJ asked plaintiff whether she was present when Dr. Elgin completed his form. Id. at 46. Plaintiff responded, "Yes, I was in the room when he completed part of it." Id. Similarly, the ALJ asked plaintiff whether she was present when Dr. McClure filled out his form, and plaintiff confirmed that she was. Id. at 47. The ALJ also asked plaintiff whether Dr. Elgin had asked her how much she could lift and for how long she could stand and walk, and plaintiff responded "yes" to both questions. Id. at 46. The ALJ asked plaintiff whether Dr. McClure had asked her about her ability to maintain attention and concentration, and plaintiff responded that he did. Id. at 47. Finally, the ALJ asked plaintiff whether each doctor had asked her each question on the forms, and plaintiff responded "yes." Id. at 46-47.

On December 15, 2015, the ALJ entered a decision in which he determined that plaintiff retains the RFC to perform a wide range of light work with lifting no more than 20 pounds at a time, frequent lifting or carrying up to 10 pounds, standing/walking 6 hours of an 8-hour workday, sitting 6 hours of an 8-hour workday, and no climbing of ladders, ropes, or scaffolds. Dkt. # 9-2, at 17. The ALJ further determined that plaintiff is able to understand, remember, and carry out some simple and some detailed instructions consistent with semi-skilled work, and that she is able to relate

and interact with co-workers and supervisors on a work-related basis with no to minimal interaction with the general public. Id.

In his 13-page decision, the ALJ made only the following references to Dr. Elgin's and Dr. McClure's medical source statements:

> "Her doctor did complete a medical source statement with her in the room. The claimant says he went down the form and asked her the questions.
> . . .
>
> Dr. Elgin completed a medical source statement on October 27, 2015. He indicated that claimant could perform less than sedentary exertional work and could not perform work on a sustained and continued basis. It is noted that the claimant testified that Dr. Elgin asked her the questions on the medical source statement, and they are not the opinion of the physician (Exhibit 21F).
>
> Dr. McClure from Laureate, completed a mental medical source statement on November 5, 2015. The claimant also testified that Dr. McClure asked her the questions on the mental medical source statement. The statement showed three severe limitations, four marked limitations and six moderate limitations. These are not the opinion of Dr. McClure (Exhibit 22F)."

Id. at 18, 21. Thus, the ALJ did not address any of the specific opinions contained in the medical source statements and, instead, concluded that the statements are not the doctors' own opinions. Id.

Plaintiff requested review of the ALJ's adverse decision by the Appeals Council, but the Appeals Council found no basis under its rules to revise the decision. Id. at 2, 8. Plaintiff filed this case seeking judicial review of the ALJ's decision, asserting that the ALJ committed reversible legal error by failing to properly evaluate the medical opinions of her treating physician and treating psychiatrist. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that the case be reversed and remanded because the ALJ failed to consider the opinions of plaintiff's treating physician and treating psychiatrist regarding plaintiff's work-related limitations. Dkt. # 20.

4

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Defendant objects to the magistrate judge's recommendation to reverse and remand this case for an evaluation of the treating sources' opinions. Defendant argues that the ALJ reasonably considered evidence from the doctors at issue and cited medical evidence that supports his assessment of plaintiff's physical and mental RFC. Further, defendant criticizes the magistrate judge's reliance on Tenth Circuit case law interpreting the Commissioner's prior regulations for evaluating medical opinions, and his failure to address the dates on which the treating sources rendered their opinions.

The Social Security Administration (SSA) has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under

5

the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis. Dkt. # 9-2, at 17-24. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214

(10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The Court must first address defendant's criticism of the magistrate judge's "reli[ance] on Tenth Circuit case law, such as Watkins v. Barnhart, 350 F.3d 1297 (10th Cir. 2003), interpreting the Commissioner's prior rules for weighing medical source opinions . . . ." Dkt. # 21, at 4. Specifically, the magistrate judge relied on Tenth Circuit precedent interpreting the rules contained in 20 C.F.R. § 404.1527. First, the Court notes that § 404.1527, as amended on March 27, 2017, states explicitly that its rules apply "[f]or claims filed . . . before March 27, 2017." 20 C.F.R. § 404.1527. Plaintiff filed her claim for disability benefits in March 2014; thus, the rules in § 404.1527 apply here. Second, although Watkins and other Tenth Circuit precedent address prior versions of § 404.1527, the Court notes that the language regarding evaluation of a treating source's opinion has remained largely unchanged. Moreover, the Court finds persuasive the fact that, following the March 27, 2017 amendment of § 404.1527, the Tenth Circuit has continued to rely on its precedent interpreting prior versions of § 404.1527. See Harrold v. Berryhill, 714 F. App'x 861, 865-69 (10th Cir. Oct. 31, 2017);[1] Kellams v. Berryhill, 696 F. App'x 909, 912, 917-18 (10th Cir. Aug. 10, 2017); Brownrigg v. Berryhill, 688 F. App'x 542, 548 (10th Cir. Apr. 19, 2017).[2] Thus,

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 31.1; 10th Cir. R. 32.1.

[2] Coincidentally, also effective March 27, 2017, the SSA rescinded its ruling cited as S.S.R. 96-2p. The Court notes that the rescission of S.S.R. 96-2p does not impact the applicability of § 404.1527 to this case, nor does it impact the applicability of Tenth Circuit case law to the extent it interprets current language of § 404.1527. Further, the Court does not rely on any Tenth Circuit cases cited herein for their discussion of S.S.R. 96-2p; rather, the Court relies on those cases solely for their discussion of § 404.1527.

7

the Court finds it proper to rely on Tenth Circuit precedent in applying the rules for evaluating treating source opinions under § 404.1527.

In evaluating a treating source's opinion under § 404.1527, "'the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct.'" Brownrigg, 688 F. App'x at 548 (quoting Krauser v. Astrue, 638 F.3d 1324, 1330 (10th Cir. 2011)). First, the ALJ must determine whether the medical opinion qualifies for "controlling weight." Id. A treating source's medical opinion is given controlling weight if, on the issues of the nature and severity of the plaintiff's impairments, the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." § 404.1527(c)(2). Second, if the medical opinion is not entitled to controlling weight, the ALJ must "apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of [§ 404.1527], as well as the factors in paragraphs (c)(3) through (c)(6) of [§ 404.1527] in determining the weight to give the medical opinion."[3] Id.

Here, the ALJ discounted entirely Dr. Elgin's and Dr. McClure's medical opinions contained in their medical source statements by reaching conclusions that are inconsistent with those statements[4] and by failing to discuss those opinions with any specificity. In doing so, the ALJ did

---

[3] Those factors are: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." Watkins, 350 F.3d at 1301.

[4] For example, despite Dr. Elgin's opinion that plaintiff can stand and/or walk less than 4 hours in an 8-hour workday, the ALJ found that plaintiff can stand and/or walk for 6 hours in an 8-hour workday.

not articulate any application of § 404.1527(c)(2)'s two-step inquiry for evaluating treating source opinions. Specifically, the ALJ failed to address whether Dr. Elgin's and Dr. McClure's medical opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." See § 404.1527(c)(2). Moreover, the decision does not even mention the six factors for determining the weight to assign a medical opinion that is not given controlling weight, let alone "give good reasons, tied to th[ose] factors" for the weight assigned. Krauser, 638 F.3d at 1330. The only explanation the ALJ provided for discounting the treating sources' opinions is his bare conclusion that the medical source statements are not the doctors' own opinions. The ALJ reached this conclusion based solely on plaintiff's testimony that the doctors asked her the questions listed on the forms. Even if such an explanation were sufficient for discounting entirely the medical opinions of both of plaintiff's treating sources (which it is not), the ALJ reached this conclusion without addressing the evidence to the contrary: both doctors have signed their statements, and Dr. McClure's statement specifically provides that the opinions are "based on [his] clinical findings and professional opinion and not upon the subjective statements of the individual." Dkt. # 9-9, at 38, 40, 42. Thus, the Court finds that the ALJ's consideration of plaintiff's treating doctors' opinions fails to satisfy the requirements for evaluating such opinions under § 404.1527(c) and Tenth Circuit precedent.

Moreover, despite defendant's argument to the contrary, the ALJ's reference to other medical evidence in his decision does not justify his decision to discount entirely the medical opinions of plaintiff's treating physicians, especially because a treating source's medical opinion generally receives more weight than medical opinions from other sources. § 404.1527(c). Furthermore, the Court rejects defendant's criticism that the magistrate judge failed to address her argument that the

9

medical source statements were rendered after the expiration of plaintiff's last insured date. Even if that were a basis for discounting entirely the medical opinions of plaintiff's treating sources, the ALJ did not explicitly provide that justification in his decision, and the Court is not permitted to fill in the blanks for the ALJ. See Carpenter v. Astrue, 537 F.3d 1264 (10th Cir. 2008) ("Judicial review is limited to the reasons stated in the ALJ's decision . . . .").

The Court has reviewed the transcript of the hearing before the ALJ and the ALJ's written decision, and finds that the ALJ failed to adequately assess the opinions of plaintiff's treating physicians. The case will be reversed and remanded for an evaluation of the treating physicians' opinions in accordance with the legal standards established by the Commissioner and the courts.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 20) is **accepted**, and the Commissioner's decision to deny plaintiff's application for disability benefits is **reversed and remanded**. A separate judgement is entered herewith.

**DATED** this 31st day of August, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE