# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADONNA JOY JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-0254-CVE-FHM |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Dkt. # 28). Plaintiff requested $6,446.30 in attorney fees pursuant to the EAJA. Id. at 1. Defendant filed a response in opposition to plaintiff's motion for EAJA fees (Dkt. # 29), arguing that her position was substantially justified. Plaintiff filed a reply to defendant's objection (Dkt. # 30). Plaintiff also filed a supplement to her motion for award of attorney fees under the EAJA (Dkt. # 31) to include fees for legal work on fee litigation, requesting attorney fees in an amended amount of $6,770.90.

On May 5, 2017, plaintiff filed this case seeking judicial review of a decision by the Commissioner of Social Security Administration (SSA) denying her claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reverse and remand the Commissioner's decision for further administrative proceedings. Dkt. # 20. The magistrate judge stated that, in assessing plaintiff's residual functional capacity (RFC), the administrative law judge (ALJ) failed to

adequately consider the opinions of plaintiff's treating doctors regarding plaintiff's work-related limitations. Id. Defendant objected to the report and recommendation (Dkt. # 21), and plaintiff responded to defendant's objection (Dkt. # 22). The Court accepted the magistrate judge's report and recommendation, and reversed and remanded the case for further administrative proceedings. Dkt. #23. In doing so, the Court rejected defendant's argument that the ALJ's decision should be affirmed because it cites to other evidence that supports his assessment of plaintiff's RFC. Id.

Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 29. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.[1]

---

[1] Defendant asserts that "it is not the facts or the ultimate merits of the case, but rather, the standard of review utilized that differs as between the court's determination on the merits and its determination on the fee issue currently before it." Dkt. # 29, at 10. The Supreme Court and Tenth Circuit cases clearly establish the applicable standard for determining the fee issue. Therefore, as an initial matter, the Court finds it unnecessary to consider whether to adopt defendant's interpretation of that standard. In any case, defendant's proposed standard contradicts Tenth Circuit precedent, which requires defendant to show that her case "had a reasonable basis in law and in fact." Hadden, 851 F.2d at 1267 (emphasis added).

2

In arguing that her position was substantially justified, defendant restates several of the same arguments raised in her objection to the report and recommendation (Dkt. # 21). First, defendant argues that the ALJ's decision cites medical evidence that supports his determination of plaintiff's RFC. As support, defendant lists the medical evidence to which the ALJ cited. Moreover, defendant argues that medical evidence cited by the ALJ is "precisely the type of evidence the Commissioner considers in determining whether a claimant is disabled." Dkt. # 29, at 6. By raising arguments regarding the medical opinions and evidence that the ALJ did rely on in his decision, however, defendant continues to ignore the regulations' requirements for evaluating medical opinions, as well as the Court's discussion of those requirements in its opinion and order (Dkt. # 23). The regulations clearly require the ALJ to "evaluate every medical opinion [he or she] receive[s]." 20 C.F.R. § 404.1527(c). Here, the medical opinions at issue were those contained in the medical source statements of plaintiff's treating doctors, and the Court had to consider whether the ALJ evaluated those particular opinions in accordance with standards set forth in the regulations. Defendant's argument that the ALJ's RFC determination was sufficient because the ALJ cited other medical evidence in support of that determination in no way justifies or explains the ALJ's failure to evaluate specific medical opinions contained in the treating doctors' medical source statements. In fact, such an argument ignores the requirement that the ALJ evaluate every medical opinion he or she receives. Accordingly, the Court finds that defendant's position was not "justified to a degree that could satisfy a reasonable person."

Defendant also argues that "while § 404.1527(c) states that an ALJ will give good reasons for disregarding a treating source's opinion, and in doing [s]o will consider these factors, it does not require that an ALJ expressly articulate these factors in his decision." Dkt. # 29, at 7. First, the

3

Court does not find that such a position is reasonable, given that the regulations consider opinions of treating doctors to be of unique importance. The regulations clearly provide that "[g]enerally, [the ALJ] give[s] more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." § 404.1527(c)(2). Moreover, Tenth Circuit case law requires the ALJ to complete a two-step inquiry when evaluating a treating physician's opinion. Therefore, the Court does not find reasonable defendant's position that an ALJ may discount a treating physician's opinion without providing any explanation under the regulations for doing so.[2] Accordingly, the Court finds that defendant's litigation position was not substantially justified.[3]

---

[2] Even assuming, arguendo, that the ALJ was not required to articulate an application of the § 404.1527(c) factors, the Court also finds that the ALJ did not provide good reasons for disregarding the opinions of the treating doctors. The ALJ stated, with no ambiguity, that he discounted the treating sources' opinions based on his bare conclusion that the medical source statements are not the doctors' own opinions. As the Court noted in its opinion and order, the ALJ reached this conclusion based solely on plaintiff's testimony that the doctors asked her the questions listed on the forms, and despite the evidence to the contrary. Therefore, even if the ALJ was not required to articulate an application of the factors (which the Court does not find), the ALJ failed to provide good reasons for discounting the medical opinions of plaintiff's treating doctors.

[3] Defendant also argues that the ALJ did not need to consider the medical source statements because they were rendered after plaintiff's date last insured. However, there is no indication whatsoever in the ALJ's decision that the ALJ discounted the medical source statements because they were rendered after the date last insured. The Court finds that defendant's position is not reasonable, because defendant attempts to assert a justification contained nowhere in the ALJ's decision.

4

Defendant has not objected to the amount of EAJA fees requested by plaintiff's counsel. The Court has reviewed the hours and rate submitted by plaintiff's counsel and finds that the amount is reasonable. Further, if plaintiff's counsel is ultimately awarded attorney fees under 42 U.S.C. § 406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).[4]

**IT IS THEREFORE ORDERED** that plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act (Dkt. # 28) as amended (Dkt. # 31) is **granted**, and plaintiff shall be awarded attorney fees in the amended amount of $6,770.90. A separate judgment is entered herewith.

**DATED** this 7th day of December, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff requests that the check, which will be made payable to plaintiff, be mailed directly to her counsel. The Court does not address this request and refrains from involving itself in the specifics regarding the mailing of the EAJA award.